

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777  **Fax:** 973.533.1112
**Web:** www.genovaburns.com

Lauren W. Gershuny, Esq.
Member of NJ and NY Bar
lgershuny@genovaburns.com
Direct: 973-535-4447

June 3, 2015

**VIA ECF**
Honorable Mark Falk, U.S.M.J.
U.S. P.O. & Courthouse, Room 457
1 Federal Square
Newark, New Jersey 07102

      Re:    **1266 Apartment Corporation d/b/a/ Horizon House, Inc. v. Greater New York Mutual Insurance Company**
            **Docket No: 2:14-CV-06725(CCC) (MF)**

Dear Judge Falk:

      As Your Honor is aware, this firm represents 1266 Apartment Corporation d/b/a Horizon House, Inc. ("Plaintiff") with respect to the above-referenced action against Greater New York Mutual Insurance Company ("GNY"). We write in response to GNY's May 28, 2015 objection to Your Honor's Order admitting Conlee S. Whiteley, Esq. and Deborah R. Trotter, Esq. *pro hac vice* (the "Order"). We respectfully request that the Order remain as entered.

      GNY has failed to raise any true objection in its correspondence. Notwithstanding the Order's timing, GNY's substantive "opposition" is completely devoid of merit. GNY cites only two cases in its correspondence, both of which, upon reading the full opinions, detract from GNY's argument. As stated in Kohlmayer v. AMTRAK, 124 F. Supp. 2d 877, 880 (D.N.J. 2000), it is well-established that a liberal approach is taken by federal courts in allowing out-of-state attorneys to practice in federal courts of jurisdictions where they are not admitted to the bar. See id. at 880 (citing Selling v. Radford, 243 U.S. 46 (1917)). In the District of New Jersey, motions for *pro hac vice* admission are granted "almost as a matter of course." See id. In its letter, GNY does nothing more than isolate random (and irrelevant) concepts from the opinions cited to (the court's observation in Whiteside v. Empire Plaza, LLC, 2014 U.S. Dist. LEXIS 151860 (D.N.J. 2014) that disability law is "complex" and the Kohlmayer Court's acknowledgement that a criminal defendant's interest in choosing their counsel can be outweighed by an attorney's history of misconduct) and incorrectly presents them as a governing standard. Most perplexing, GNY uses Whiteside to argue that Ms. Whiteley and Ms. Trotter have appeared too often in this District. The Whiteside court, however, specifically declined to establish frequency as a factor precluding *pro hac vice* admission. Whiteside at *4. Quite frankly, GNY's "opposition" is ludicrous. The liberality of



Honorable Mark Falk, U.S.M.J.
June 3, 2015
Page 2

*pro hac vice* admission in this District is well-established and GNY has presented no authority to the contrary.

Based upon the foregoing, the Order should stand as entered. Should Your Honor, however, require additional submissions on this issue, Plaintiff reserves all rights and arguments.

Thank You for Your Honor's attention to this matter.

Respectfully submitted,

**GENOVA BURNS LLC**

LAUREN W. GERSHUNY

LWG/MKF
c:  Jeffrey T. LaRosa, Esq. (via ECF)
    Jennifer Mazawey, Esq. (via ECF)
    Deborah R. Trotter, Esq. (via electronic mail)

22246/001/13133219v1